UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CASEY HARPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:16-CV-584-PPS-JEM |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Casey Harper, a prisoner at the Westville Correctional Facility, was found guilty in an administrative hearing of the offense of "Trafficking" and was docked 90 days good time credit as a result. Harper raises three issues in this § 2254 petition but I only need to discuss one of them—his claim that his right to due process was violated when he was found guilty of trafficking based on insufficient evidence. After reviewing the meager record, I agree with Harper and grant his petition.

I'll begin with the Respondent's initial argument that Harper did not raise his claim of insufficient evidence during his administrative appeal and so it is procedurally defaulted. It is certainly true that Harper could have been more explicit in his administrative appeal by using the exact words "insufficient evidence." But that type of precision is not required to preserve a claim for habeas review. Rather, what is required is the fair presentment of the claim during his administrative appeal. Fair presentment requires that "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (quotation marks and citations omitted). "Fair presentment, however, does not require a hypertechnical

congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Id.* at 814-15.

In his administrative appeal, Harper wrote that he was previously written up for engaging in an unauthorized financial transaction with his sister based on similar facts. He then argued that he "had no knowledge [an] unauthorized financial transaction could be or should be considered trafficking and it's not under I.C. 35-44.1-3-5. We did not traffic anything. She never came to visit." [DE 7-5 at 1]. This adequately set forth his belief that the facts were insufficient to support a charge of Trafficking.

So it is on to the substance of his claim—that there was insufficient evidence to find him guilty. First, some basics. "[T]he findings of a prison disciplinary board [must] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). But obviously, "some evidence" is not the same as "no evidence." There still must be something that "point(s) to the accused's guilt." *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989).

Respondent argues that there was sufficient evidence because "the hearing officer considered the confidential IA file containing evidence supporting the guilty finding . . . [and] the Report of Conduct satisfies the applicable 'some evidence' standard." [DE 7 at 5.] Let's start with the Conduct Report. Here is what it says: "On 3/3/2016, this Investigator discovered that Offender Casey Harper 146491 was

2

engaging in trafficking with a person who is not an offender residing at the same facility, with the help of a civilian." [DE 3-1 at 3; DE 7-1 at 1; DE 8 at 1].[1] This is not sufficient evidence that he trafficked. Instead, it is a conclusion. What is missing are *facts*. It is true that a conduct report alone can be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). However, in order to do so, "the report [must have] describe[d] the alleged infraction in sufficient detail . . . [and leave] no question that the conduct described would violate the prison rule." *Id*. For example, in *McPherson*, the petitioner was charged with engaging in sexual acts with another in violation of the Adult Disciplinary Policy Procedures Code. *Id.* at 785. The relevant conduct report read: "I officer B. Fields observed offenders McPherson, Monte D.O.C. # 943559 and offender Steele, Tommy D.O.C. # 933004 kissing and rubbing on each others [buttocks] and holding each others [genitals] while the running of chow.'" *Id.* at 784-85. The *McPherson* conduct report included the facts necessary to find McPherson guilty. The Conduct Report in this case does not. Instead, the conduct report in this case is a conclusory allegation. It does not describe the conduct that caused the reporting officer to reach that conclusion.

As noted, the Respondent also relies on the content of the confidential Internal Affairs file to support his position that the finding of guilty was supported by some

---

[1] The Report of Conduct was submitted three times. First by Harper attached to his habeas corpus petition. Then twice by the Respondent – attached to the return and under seal. There is no justification for having filed it under seal. There is nothing confidential about this document, which had been given to Harper and was already in the public records of this court. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). The sealed copy of the Report of Conduct, therefore, must be unsealed.

3

evidence. Because it is under seal, I will not specifically discuss its contents, but I will explain why it does not provide sufficient facts to meet the "some evidence" standard. Just like the Conduct Report, the submitted file is woefully short on facts. Just like the Conduct Report, it is little more than conclusory allegations. Frankly, after reading this file, I still do not know what Harper is alleged to have done. I do not know what was trafficked. I do not know with whom Harper trafficked. There are mentions of financial transactions, but I do not know how or why Harper was connected to them. It may well be the case that Harper engaged in impermissible trafficking. But you can't tell it from the record before me. The simple fact of the matter is that the sealed file does not provide sufficient facts to have found him guilty. If this is all the evidence that the hearing officer had to review (and I ordered that the entire administrative record be submitted so I must conclude that this is all there was), the only basis I can find for the guilty verdict is the investigating officers' conclusory say-so. And that doesn't cut it.

The Constitution requires due process. Indeed, the hearing officer is there to provide due process. Prison disciplinary hearings are informal and the hearing officer could have asked for more evidence explaining the investigator's conclusions. I cannot. All I have is the record before me. And because it does not demonstrate that there was some evidence to have found Harper guilty of Trafficking, the habeas corpus petition will be granted.

For these reasons, the Court:

(1) **DIRECTS** the Clerk to separately docket an **UNSEALED** copy of [DE 8 at 1];

(2) **DIRECTS** the Clerk to maintain the remainder of [DE 8] under **SEAL**;

(3) **DIRECTS** the Clerk to send a copy of the unsealed Conduct Report [DE 8 at 1] to Casey Harper;

(4) **GRANTS** the amended Habeas Corpus petition [DE 3];

(5) **DIRECTS** the Clerk to enter judgment; and

(6) **ORDERS** the Respondent to file documentation by January 28, 2017, showing that the guilty finding in WCC 16-04-691 has been vacated and Casey Harper's earned credit time restored.

**SO ORDERED**.

ENTERED: January 6, 2017

 s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**